11/23/2021 3:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59440155
By: Monica Jackson
Filed: 11/23/2021 3:26 PM

## 2021-76912 / Court: 270

CAUSE NO. _____

| | | |
|---|---|---|
| ANDREW JEREMIAH SMITH | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| POCONO COAST WEST, LLC | § | |
| AND ADAM MASON HANSEN | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff Andrew Jeremiah Smith complains of Defendants Pocono Coast West, LLC, and Adam Mason Hansen (hereinafter collectively referred to "Defendants"), and would respectfully show the Court the following:

**EXHIBIT C**

### I.

### Discovery Control Plan

1.      Plaintiff intends that discovery be conducted under Level 2. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, and affirmatively pleads that he seeks monetary relief over $1,000,000.00. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

### II.

### Parties

2.      Plaintiff Andrew Jeremiah Smith is a resident citizen of Louisiana.

3.      Defendant Pocono Coast West, LLC is a business entity conducting business in Harris County, Texas. Despite conducting and engaging in business in the State of Texas, and

having substantial and significant contacts with the State of Texas, Defendant does not maintain an active registered agent in this state. As such, Plaintiff requests that service be effectuated by and through TEX. CIV. PRAC. & REM. CODE § 17.004(b). Accordingly, the Texas Secretary of State will serve as the registered agent for Defendant, Pocono Coast West, LLC. The Secretary of State will then forward process via certified mail, return receipt requested, to the Pocono Coast West, LLC, principal office, in the attention of its owner and president, M'Lisa Petrosky, located at 11140 N. Moonbeam Drive, Idaho Falls, Idaho 83401.

4.      Defendant Adam Mason Hansen is an individual residing, upon information and belief, in Bonneville County, Idaho. As Defendant Adam Mason Hansen is a nonresident involved in a collision while operating a motor vehicle on a public roadway in Texas, the Chairman of the Texas Transportation Commission will serve as the agent for service of process. The Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., at 125 E. 11th Street, Austin, Texas 78701-2483, will then forward process via certified mail, return receipt requested to Defendant Adam Mason Hansen at his last known address: P.O. Box 282, Ucon, Idaho 83454.

5.      To the extent that Defendants are conducting business relevant to the allegations made the basis of this suit under a trade name, assumed name, unincorporated association or entity, private corporation, partnership, or other business name, notice is hereby given that this suit is further brought against such entities as allowable by law and that appearance an Answer be made under such name pursuant to TEX. R. CIV. P. 28.

6.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter

2

egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### III.

### Jurisdiction and Venue

7.      The subject matter in controversy is within the jurisdictional limits of this court.

8.      This Court has jurisdiction and venue is proper under Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the acts and/or omissions giving rise to this cause of action occurred in Harris County, Texas. Plaintiff seeks damages in excess of $1,000,000.00.

### IV.

### Facts

9.      This lawsuit is necessary as a result of personal injuries Plaintiff suffered on or about May 18, 2021.  On the day in question Plaintiff Andrew Jeremiah Smith was operating a tractor trailer southbound on Basin Drive in Harris County, Texas. As Plaintiff proceeded straight down Basin Drive with the right of way in his favor, Defendant Adam Mason Hansen, operating a tractor trailer owned, managed, and/or controlled by Defendant Pocono Coast West, LLC, suddenly, and unexpectedly, made a right hand turn directly in front of Plaintiff from an onramp causing both tractors to collide and serious bodily injuries. Accordingly, Plaintiff's injuries are a direct result of this collision and Defendants' collective negligence.

### V.

### Respondeat Superior

10.     Plaintiff states that at the time of the occurrence made the basis of this suit, Defendant Adam Mason Hansen was acting in the capacity as an agent, servant, and/or

3

employee of Defendant Pocono Coast West, LLC, and was acting within the course and scope of his authority as such.  Therefore, the doctrine of *respondeat superior* should be applied to Defendant Pocono Coast West, LLC, and they should be held responsible for the acts of their agents and/or employees and/or servants.

## VI.

### Negligence of Defendant Adam Mason Hansen

11.    At the time and on the occasion in question, Defendant Adam Mason Hansen, while operating the tractor-trailer owned and otherwise under the control of Defendant Pocono Coast West, LLC, and in the course and scope of his employment with Defendant Pocono Coast West, LLC, failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

- Failed to drive in a safe manner;

- Failed to avoid the collision;

- Failed to control the tractor-trailer;

- Failed to brake;

- Failed to control speed, in violation of TEX. TRANS. CODE §545.351;

- Failed to drive attentively, in violation of TEX. TRANS. CODE §545.401;

- Failed to remain aware of surroundings, in violation of TEX. TRANS. CODE §545.401;

- Failed to abide a stop sign in violation of TEX. TRANS. CODE §544.010;

- Reckless driving, in violation of TEX. TRANS. CODE §545.40; and

- Other acts so deemed negligent.

12.     Each of the foregoing negligent acts and omissions, singularly or collectively, constituted negligence which proximately caused the occurrence made the basis of this cause of action and the resulting injuries and damages suffered by Plaintiff.

### VII.

### Negligence *Per Se* of Defendant Adam Mason Hansen

13.     Pleading further, Defendant Adam Hansen Mason's actions were negligent *per se*. Specifically, Plaintiff would show as follows:

- Driving a vehicle in a willful or wanton disregard for the safety of persons in violation of Tex. Trans. Code §545.401; and

- Imperiling other motorists by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstance, in violation of TEX. TRANS. CODE §542.301.

14.     The above acts or omissions, singularly, or collectively, constituted negligence as a matter of law and proximately caused Plaintiff's injuries and damages.

### VIII.

### Negligence of Defendant Pocono Coast West, LLC

15.     At all times relevant to this matter, Defendant Adam Mason Hansen was in the course and scope of his employment with Defendant Pocono Coast West, LLC.  As such, Defendant Pocono Coast West, LLC, is responsible for the acts and omissions of their employees, agents, and/or individuals under their control under the legal theory of *respondeat superior*.

16.     Defendant Pocono Coast West, LLC is independently negligent by various acts or omissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

- Hiring of Defendant Adam Mason Hansen;

- Entrusting the tractor-trailer involved in this collision with Defendant Adam Mason Hansen;

- Failing to properly screen, test, and qualify drivers so as to provide for safe operation of motor-vehicles such as the tractor-trailer involved in the occurrence in question;

- Hiring, employing, and/or retaining drivers who lacked proper screening, testing, training and qualifications so as to provide for safe operation of motor-vehicles such as the tractor-trailer involved in the occasion in question;

- Failing to properly train and supervise its drivers so as to provide for safe operation of motor-vehicles such as the tractor-trailer involved in the occurrence in question; and

- Failing to properly implement and enforce policies, procedures and protocols to properly screen test, train qualify, supervise and retain drivers to operate motor-vehicles such as the tractor-trailer involved in the occurrence in question.

17.     Such acts on the part of the Defendant Pocono Coast West, LLC, singularly and/or in combination, amount to negligence that was a proximate cause of Plaintiff's damages.

## IX.

### Damages

18.     As a necessary and proximate result of these occurrences, Plaintiff sustained injuries to his body, which resulted in physical pain, mental anguish, and other medical

problems. Plaintiff will show that he has sustained severe pain, suffering, physical impairment, discomfort, disfigurement, mental anguish, and distress in the past, and that in all reasonable probability, such physical pain, suffering, physical impairment, disfigurement, and mental anguish will continue indefinitely into the future. Furthermore, Plaintiff has suffered past and future lost wages, and Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries.

## X.

## Jury Demand

19.     Plaintiff hereby demands a trial by jury.

## XI.

## Requests For Disclosure

20.     Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of

Court, actual and consequential damages allowed by law, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

Respectfully submitted,

**TILTON & TILTON LLP**

Michael S. Tilton
Texas State Bar No. 24056438
mtilton@tiltonlawfirm.com
Richard M. Franks
Texas State Bar No. 24109888
rfranks@tiltonlawfirm.com
River Oaks Tower
3730 Kirby Driver, Suite 1020
Houston, Texas 77098
Telephone: (713) 774-8600
Facsimile: (713) 222-2124

**ATTORNEYS FOR PLAINTIFF**